[Cite as *State v. Lyons*, 2015-Ohio-3325.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 BE 28 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SUSAN LYONS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from the County Court, Western Division, of Belmont County, Ohio
Case No. 13 TRD 01700-01

JUDGMENT:  Affirmed.

APPEARANCES:
For Plaintiff-Appellee:  Atty. Mike DeWine
Attorney General of Ohio
Atty. Paul L. Scarsella
Atty. Jocelyn S. Kelly
Special Assistant Prosecuting Attorneys
Assistant Attorneys General
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

For Defendant-Appellant:  Atty. Edward A. Czopur
DeGenova & Yarwood
42 North Phelps St.
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  August 17, 2015

WAITE, J.

**{¶1}** Appellant Susan Lyons appeals her conviction in Belmont County Court, Western Division, on one count of driving under an OVI license suspension, R.C. 4510.14 (operating a vehicle under the influence of alcohol or drugs). She argues on appeal that the record does not contain sufficient evidence to support the conviction, and that her counsel was unconstitutionally ineffective. The record contains evidence of the prior OVI suspension as well as the testimony of the ticketing officer who saw Appellant driving during her suspension. Appellant contends that her attorney should have provided the court with a transcript of a hearing in which she was granted limited driving privileges. She claims that she had received oral limited driving privileges to drive her son to his daily activities, and claims that she was engaged in doing so when she was stopped. The record does not support that Appellant received such driving privileges, and the presumption from a silent record is that she did not. She seeks to prove ineffective assistance of counsel through evidence *de hors* the record, and her testimony at trial reflects that such evidence may not exist. A direct appeal is not the proper forum in which to raise errors that depend on evidence outside of the record. Appellant's arguments are not persuasive and the judgment of the trial court is affirmed.

## Case History

**{¶2}** On May 24, 2013, at 9:16 p.m., Ohio State Trooper Thaddeus White stopped Appellant on Hammond Road in Belmont County. She was pulling a utility trailer that had no tail lights or brake lights. The trailer was carrying dirt bikes or ATVs. Appellant was with her son and one of his friends. They were traveling to

Powerline Park, which was several miles away. When Trooper White asked for identification, Appellant stated that she had driving privileges to drive her son to events and activities but did not have the documentation with her. Trooper White conducted a search of the Ohio motor vehicle records and found that Appellant's license was under an OVI suspension. The suspension was put in place on February 16, 2013, and lasted until August 16, 2013. (6/10/14 Tr., Exh. 1.) White wrote out a traffic citation charging Appellant with one count of driving while under an OVI suspension, R.C. 4510.14, and one count of failure to have working tail lights, R.C. 4513.05.

{¶3} The case was heard at a bench trial on June 10, 2014. Trooper White testified about the circumstances of the traffic stop, and the certified copy of Appellant's Ohio motor vehicle report was entered into evidence. Page one of the report shows the license suspension. The state also submitted a judgment entry from the Muskingum County Court granting Appellant limited driving privileges for employment and medical treatment. The judgment entry has a filing date of April 10, 2013, and a termination date of August 16, 2013. The judgment entry specifically required Appellant to carry it with her and to provide proof of her driving privileges. The entry did not extend privileges that would allow Appellant to drive her child to events and activities.

{¶4} Appellant testified that the Muskingum Court judge orally granted her permission to take her son to school, appointments, day care, and anywhere else she desired to fulfill the needs of her child. She testified that on May 24, 2013, she was

scheduled to go to Gallipolis at 7 p.m. to go to work. On her way to work, she intended to drop her son and his friend at an unnamed woman's house so that they could go to Powerline Park. Her son's friend was a licensed driver, but Appellant decided to drive the car herself rather than let the friend drive. She testified that she entered the destination into her navigation system, but she got lost while driving. At this point she was pulled over by Trooper White.

{¶5} Appellant's son's friend testified that they were supposed to meet a woman at Denny's Restaurant in St. Clairsville so that the woman could watch the two boys and the ATVs. The woman did not meet them, so Appellant decided to take the boys to Powerline Park herself. Appellant became lost and was pulled over by Trooper White. After she was pulled over, she put the destination into her car navigation system.

{¶6} At the conclusion of trial, the judge found Appellant guilty of driving under an OVI suspension in violation of R.C. 4510.14, a first degree misdemeanor, and guilty of the tail light violation. The judge explained that he found Appellant's story to be "preposterous." He stated that he might have found her testimony more credible if she presented evidence from Muskingum County Court showing that she had driving privileges permitting her to drive her son to social events, but he deemed it unlikely that a judge would ever issue such privileges. He sentenced Appellant to 30 days in jail. This timely appeal followed. The two assignments of error will be taken in reverse order.

ASSIGNMENT OF ERROR NO. 2

The guilty verdict was not based on sufficient evidence due to the lack of any reference to an OVI conviction, OVI suspension and as the State did not prove that Appellant was operating outside of her driving privileges.

**{¶7}** Appellant argues that the record contains insufficient evidence to prove that she was driving under an OVI suspension. She contends that the state had to prove that she was previously convicted of OVI, and prove that her license was under suspension due to that conviction. Appellant claims that neither fact is in the record. Appellant is mistaken in this argument.

**{¶8}** Whether the state presented sufficient evidence presents a question of law regarding whether there was evidence establishing the elements of the crime. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "The test of sufficient evidence is 'whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.' " *State v. Bulin*, 7th Dist. No. 09 BE 27, 2011-Ohio-3398, ¶57, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). When reviewing sufficiency, a reviewing court does not examine the credibility of the witnesses, nor does it weigh the evidence. *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). A reviewing court should not disturb the decision below unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). In a

review of a sufficiency of the evidence claim, we must "assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins* at 390.

{¶9} In this case, the state presented a certified copy of Appellant's driving record from the Ohio Department of Motor Vehicles. The report shows that Appellant's license was under OVI suspension from February 16, 2013, to August 16, 2013. The suspension was ordered by Muskingum County Court. Such a report is delineated as valid prima facie evidence throughout the Ohio traffic code. *See, e.g.*, R.C. 4501.11, 4501.111, 4501.12, 4501.16, 4501.21. Trooper White stopped Appellant and issued the traffic citation on May 24, 2013, during the suspension period. Appellant did not present any document to show that she had driving privileges when she was stopped. Thus, the citation was valid. She testified that she was orally given driving privileges to drive her son to events, but the trial judge did not believe her testimony. Regardless, this evidence would pertain to her defense of the charge, not to the sufficiency of the evidence supporting the charge. Based on the above, Appellant's second assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 1</u>

Appellant was deprived of her right to the effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

{¶10} Appellant argues that her counsel was ineffective because counsel did not challenge the report regarding the OVI suspension. As earlier discussed, the

driving report clearly reflects that Appellant was under an OVI suspension when she was issued the citation on May 24, 2013. Hence, there was no reason for counsel to object. Appellant also argues that counsel failed to produce a vital piece of evidence at trial that would have proven that she had driving privileges. Appellant believes that counsel should have provided the court with a transcript of the hearing from Muskingum County Court that would allegedly have shown that she was orally granted expanded driving privileges. Appellant is attempting to prove ineffective assistance of counsel by use of evidence outside of the record, and this is improper in a direct appeal. A reviewing court assumes the accuracy of the record. The logical assumption, here, is that there is no such evidence of expanded driving privileges and that is why counsel did not introduce it at trial.

{¶11} In order to demonstrate ineffective assistance of counsel, a defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶12} *Strickland* explained that an "ineffectiveness claim * * * is an attack on the fundamental fairness of the proceeding whose result is challenged." *Id.* at 697.

A defendant's burden when challenging the effectiveness of counsel is to demonstrate that some action or inaction by counsel operated to undermine or call into question the integrity of the process that resulted in conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). When evaluating the performance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Wesson*, 137 Ohio St.3d, 2013-Ohio-4575, 999 N.E.2d 557, ¶81. "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 669.

{¶13} In a direct appeal, the reviewing court may only look at the evidence contained in the record to determine whether a defendant received ineffective assistance of counsel. "[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hooks*, 92 Ohio St.3d 83, 83, 748 N.E.2d 528 (2001). If the attempt to establish ineffective assistance requires proof *de hors* the record, then this claim is not appropriately considered on direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001); *State v. Shugart*, 7th Dist. No. 08 MA 238, 2009-Ohio-6807, ¶40.

{¶14} Again, Appellant's first complaint regarding counsel's performance was the failure to object to driving records from the Ohio Department of Motor Vehicles

that the state submitted as evidence. Appellant argues that the record does not contain any evidence of her license suspension, but the suspension is listed and explained on page one of the report. There was no reason for counsel to object to the report because the report is valid, certified, and contains the information that was needed to prove the state's case.

{¶15} Appellant's second complaint is the failure of her counsel to introduce as evidence a transcript of a hearing in Muskingum County in which the county court judge supposedly granted expanded driving privileges to Appellant. The trial judge in this case did not believe such evidence existed, but did suggest that it might have helped her cause if she had actually produced evidence that she was granted these special privileges. The only evidence of record is a written judgment entry granting limited driving privileges from Muskingum County, which specifically contradicts Appellant's allegation about the breadth of her privileges. Further, the documents clearly state that Appellant must provide proof of her privileges while driving, and she did not have any proof with her when she was stopped and cited. This fact alone negates her argument, since the citation would be valid even if her privileges had included the expansion she alleges. However, since there is no evidence in the record that a judge in Muskingum County granted any privileges outside of those listed on the written judgment entry, Appellant cannot prove ineffective assistance of counsel on appeal.

{¶16} In order to assert this claim at all, Appellant would need to file for some type of postconviction relief in which she could present new evidence *de hors* the

record to establish that she did have expanded driving privileges and that her counsel had the ability to obtain that evidence. The only evidence at trial was Appellant's own testimony, which the judge found incredible. Her credibility was further hampered by the fact that her son's friend contradicted her testimony about what happened before the traffic stop. This record does not support Appellant's arguments concerning the alleged deficient performance of her counsel.

{¶17} Appellant also contends that counsel was ineffective for even referring to the oral driving privileges as a defense tactic if counsel did not have concrete evidence to present. Whether or not a trial tactic is effective is normally left to the discretion of the attorney, and such tactical decisions are "best made by those at the trial who can judge the tenor of the trial and the mood of the jury." *State v. Brooks*, 75 Ohio St. 3d 148, 157, 661 N.E.2d 1030 (1996). Once again, since we do not know whether such a record even exists, we will not evaluate, in hindsight, the wisdom of allowing Appellant to testify under these circumstances. We also note that Appellant herself testified that the portion of the recording of the Muskingum County Court hearing that allegedly contained the oral driving privileges was inaudible, and therefore, a transcript would not have helped her cause. (Tr., p. 36.)

{¶18} Again, we must point out that a hearing transcript from the Muskingum County Court would have been of negligible value no matter what it reflected, since the actual written and journalized driving privileges did not contain any expansion as alleged by Appellant. A court speaks through its journal, and the journal entry from the Muskingum County Court does not contain expanded driving privileges. *State v.*

*Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶47. If Appellant is correct, any error in the failure to include the additional privileges in the written and journalized driving privilege document occurred in the Muskingum County case, not this case. It is not error for the trial court to rely on the clear entry from the Muskingum County Court. And we must again state that because Appellant had no proof she was given any driving privileges at all when she was stopped, even if her Muskingum entry had clearly granted expanded privileges, Appellant's convictions would still be valid and upheld.

{¶19} In conclusion, Appellant alleged that there was insufficient evidence to prove that she was driving under an OVI license suspension, but the state submitted Appellant's driving record as evidence. Appellant also alleged ineffective assistance of counsel, but there is no indication that counsel committed any error, and the evidence she seeks to use in support of her argument is outside of this record, if it exists at all. Appellant's two assignments of error are without merit and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.