[Cite as *State v. Sommers*, 2023-Ohio-1020.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JUSTIN W. SOMMERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 CO 0010

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 18 CR 187

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino,* Columbiana County Prosecutor and *Atty. Tammie M. Riley Jones*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio  44432, for Plaintiff-Appellee

*Atty. Martin E. Yavorcik*, 940 Windham Court, Suite 7, Boardman, Ohio  44512, for Defendant-Appellant.

Dated:  March 24, 2023

---

**WAITE, J.**

{¶1} Appellant Justin W. Sommers appeals his sentencing following his guilty plea to child endangering. Appellant alleges he was subject to ineffective assistance of counsel, leading to a less lenient sentence. Based on the record, Appellant's claim is unsupported. His assignment of error is overruled and the decision of the trial court is affirmed.

## Case History and Facts

{¶2} On May 17, 2018, Appellant was indicted on one count of child endangering pursuant to R.C. 2919.22(B)(1), a second degree felony, and one count of child endangering pursuant to R.C. 2919.22(A), a third degree felony. The charges arose from an incident that occurred on January 27, 2018, in which Appellant was caring for an unrelated two-year-old boy while the child's mother was at work. While in Appellant's care, the child suffered serious injuries and was taken to Akron Children's Hospital. Appellant claimed the child's injuries occurred when he left the child unattended on the stairs, the child fell down the stairs, and twenty minutes later the child fell again and had a seizure.

{¶3} On February 2, 2021, Appellant requested and was granted funds to obtain a medical expert to review the child's injuries. Appellant did not file any medical expert report or enter it into evidence. Jury trial was scheduled for June 8, 2021, but was continued to January 18, 2022. On December 7, 2021, Appellant filed a motion seeking to have his medical expert appear at trial via Zoom videoconferencing, which was granted.

{¶4}   Instead, on January 18, 2022, Appellant entered into a Crim.R. 11 plea agreement.  Appellant agreed to plead guilty to two counts of the lesser charge of child endangering pursuant to R.C. 2919.22(A), and the state would recommend consecutive sentences that totaled 36 months in prison.  The court accepted the plea.

{¶5}   Appellant was sentenced on April 8, 2022.  During sentencing, the prosecutor noted that the victim had injuries inconsistent with a fall down the stairs, and stated that the attending doctor at Akron Children's Hospital was of the opinion that the injuries were consistent with abuse.  Appellant's counsel, in response, argued that his expert concluded the injuries could have been caused by a fall down the stairs.  The trial judge responded:  "well, I'm not going to consider something that was never presented to this Court; okay?  So I don't know what that expert opinion was or what came of that * * *."  (4/8/22 Tr., p. 7.)  The trial judge then recited a list of the very serious injuries that the child sustained: subdural hematoma on both sides of his brain, swollen lip, petechiae (round rash-like spots on the skin due to bleeding) on his face, bruising on his face, and retinal hemorrhaging.  The court noted that the child stopped breathing and Appellant failed to call 911 for assistance.  The child continued to have medical problems four years later.

{¶6}   The court imposed a 12-month prison sentence on count 1, and a 24-month prison sentence for count 2, to be served consecutively, pursuant to the plea agreement. The sentencing entry was filed on April 8, 2022 and this appeal was filed on April 20, 2022.  New counsel was appointed on appeal.  Appellant presents a single assignment of error on appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ALLOWING A CONVICTION DESPITE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶7} Appellant pleaded guilty to two counts of child endangerment, in violation of R.C. 2919.22(A), third degree felonies. Appellant was originally charged with a more serious charge of child endangering under R.C. 2919.19(B)(1), a second degree felony. This section states: "No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age: (1) Abuse the child." The lesser charge under section (A) states: "No person, who is the * * * person having custody or control * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."

{¶8} Appellant argues that his trial counsel was ineffective by failing to submit or proffer a medical expert report regarding the child's injuries. Appellant received permission and funds to obtain the report, and the expert witness was scheduled to appear at trial. However, at the time Appellant pleaded guilty the report had still not been filed. No report was filed at the time of sentencing. Appellant concludes that the failure to file this report amounted to prejudicial error at sentencing.

{¶9} The test for an ineffective assistance of counsel claim is two-part: whether trial counsel's performance was deficient, and whether this deficiency resulted in prejudice to the defendant. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-

4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107.

**{¶10}** In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694; see also *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. An appellant must affirmatively prove that the alleged prejudice occurred, *Id.* at 693, and must demonstrate more than vague speculations regarding prejudice. *State v. Otte*, 74 Ohio St.3d 555, 566, 660 N.E.2d 711 (1996).

**{¶11}** If one prong of the *Strickland* test is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Stevenson*, 7th Dist. Mahoning No. 21 MA 0014, 2022-Ohio-1457, ¶ 9. We note that, in Ohio, a licensed attorney is presumed competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶12}** Courts are very deferential to the tactical choices that attorneys make at trial and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Bradley* at 142, citing *Strickland* at 689. Counsel's tactical choices, even those ultimately having negative consequences, normally do not constitute ineffective assistance. *State v. Carpenter*, 116 Ohio App.3d 615, 626, 688 N.E.2d 1090 (2nd Dist.1996).

**{¶13}** Appellant argues that his trial counsel was ineffective for failing to file the medical expert report, or at least proffering it at sentencing when he described its contents to the judge. Appellant contends that the report could have rebutted the arguments made by the prosecutor at sentencing, possibly leading to a lesser sentence.

**{¶14}** Appellee responds that it was harmless error to fail to proffer the medical expert report at sentencing because the medical report relates to the issue of causation, and causation was resolved once Appellant pleaded guilty. Appellant's argument, though, is that the need to proffer the report only arose at sentencing and relates only to sentencing. The reason it became an issue is that the prosecutor discussed, at sentencing, the extent and nature of the victim's injuries. Appellant's version of the manner in which the child was injured was that the victim fell down the stairs then fell elsewhere in the home, suffering a seizure. (5/3/22 Sent. Hrg. Tr., p. 4.) The prosecutor explained that a specialist at Akron Children's Hospital was of the opinion that the injuries could not have been caused by a fall down steps or a fall in the kitchen. Instead, the specialist opined that the injuries indicated abuse, either by shaking or blunt force trauma. (5/3/22 Sent. Hrg. Tr., p. 4-5.) In response to these comments, Appellant's counsel claimed the defense expert had opined that the child's injuries could have been caused by a fall down the stairs. (5/3/22 Sent. Hrg. Tr., p. 7.)

**{¶15}** The main problem with Appellant's argument is that, because the medical report is not the record, its contents cannot be reviewed. Although counsel described what he believed the report concluded, the report may actually have contained information or opinions that were prejudicial to Appellant. A court will normally presume that the failure to proffer such a report is a tactical decision made by counsel to prevent

further harm to the defendant at sentencing. A decision not to take action is just as much a trial tactic as a decision to take action. See, e.g., *State v. Graffius*, 7th Dist. Columbiana No. 18 CO 0008, 2019-Ohio-2714, ¶ 38 (defense counsel's decision not to move to strike an answer can be a trial tactic to prevent emphasizing the information inadvertently elicited.)

**{¶16}** Further, prejudice cannot be presumed from a silent record. *State v. Alexander*, 5th Dist. Stark No. 2011-CA-00096, 2011-Ohio-6784, ¶ 45. The medical expert report cannot be used to prove that Appellant was prejudiced at sentencing because it is not in the record and, thus, cannot be independently reviewed. "A direct appeal is not the proper forum in which to raise errors that depend on evidence outside of the record." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 1.

**{¶17}** Appellant has not alleged any other possible sentencing error. The sentence was within the parameters described in the plea agreement and is within the range of sentences permitted by the sentencing statutes. The court properly supported consecutive sentencing in this matter. As there is no evidence in the record that counsel committed error, much less that counsel's failure to proffer the medical report was prejudicial, Appellant's assignment of error is overruled.

## Conclusion

**{¶18}** Appellant argues that trial counsel committed ineffective assistance of counsel by failing to proffer an expert medical report at sentencing after Appellant pleaded guilty to two counts of child endangering. Because the report is not in the record, there is nothing to support Appellant's speculation that this report would be helpful to him. Failure to proffer the report may have been a reasonable trial tactic, as it may have

contained material that could have been used against Appellant at sentencing. As Appellant cannot prove either prong of the *Strickland* test for ineffective assistance of counsel, Appellant's single assignment of error is overruled and the judgment of the trial court is affirmed.

Robb, J., concurs.

D'Apolito, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**