[Cite as *State v. Hampton*, 2015-Ohio-4171.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. 15CA1 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| EDWARD HAMPTON, | : | |
| Defendant-Appellant. | : | RELEASED 10/02/2015 |

<u>APPEARANCES:</u>

Philip J. Heald, Ironton, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Hoover, P.J.

{¶ 1} Edward R. Hampton, Jr. ("Hampton") appeals the judgment of the Lawrence County Court of Common Pleas in which Hampton was convicted of aggravated robbery. Although no fine was imposed upon Hampton, he was sentenced to six years in the appropriate state penal institution. On appeal, Hampton argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. The State argues that Hampton did not meet his burden to establish that there was a reasonable and legitimate basis for the withdrawal of his plea. Having reviewed the record and pertinent law, we find that the trial court did not abuse its discretion in denying Hampton's motion to withdraw. Therefore, we overrule Hampton's first assignment of error.

{¶ 2} Next, Hampton argues that his trial counsel was ineffective for not bringing threats made against his paramour and her family to the court's attention. Hampton claims that as a

result of the threats, he entered his guilty plea under duress and involuntarily. The State argues that the affidavits upon which Hampton relies for his ineffective assistance of counsel claim are not a part of the record, and therefore, Hampton's claim is improperly brought under Crim.R. 32.1. In addition, the State contends that even if we are permitted to consider the ineffective assistance claim, any action taken by Hampton's trial counsel was within the realm of arguable trial strategy. For the reasons discussed more fully below, we find that Hampton has failed to establish ineffective assistance of counsel. Therefore, Hampton's second assignment of error is overruled; and we affirm the judgment of the trial court.

### I. Facts and Procedural Posture

{¶ 3} In March 2014, Hampton was indicted by the Lawrence County Grand Jury on aggravated robbery, in violation of R.C. 2911.01(A)(3), a felony of the first degree. Hampton originally pleaded not guilty at arraignment; however, Hampton later decided to change his plea to guilty. On July 2, 2014, the trial court conducted a change of plea hearing. At the plea hearing, the trial court recited the rights that Hampton would be waiving if he entered a guilty plea. Hampton acknowledged each of the rights and waived all of them. Hampton then entered a plea of guilty to the single count of aggravated robbery. The trial court inquired of Hampton whether the plea was of his own free will and accord to which Hampton answered in the affirmative. No plea agreement was recited into the record. The trial court accepted Hampton's guilty plea. The parties agreed to have the sentencing date on September 17, 2014. Hampton was released on his own recognizance along with conditions of electronic monitoring.

{¶ 4} The record reflects that on September 17, 2014, the sentencing hearing did not occur. Instead, an entry was filed that indicated a pretrial hearing was scheduled for October 1, 2014. The sentencing hearing was again postponed on October 1, 2014, and rescheduled to

October 22, 2014. Hampton's trial counsel then filed a motion to continue the hearing date of October 22, 2014, which the trial court granted. The sentencing hearing was rescheduled for November 12, 2014.

{¶ 5} On November 5, 2014, prior to the sentencing hearing, Hampton filed a Motion to Set Aside Guilty Plea. Rather than proceeding with the sentencing hearing on November 12, 2014, the trial court held a hearing on Hampton's Motion to Set Aside Guilty Plea. The record reveals that at the hearing only arguments by the prosecutor and the defense attorney were presented. Neither Hampton nor the State presented testimony or introduced any other kind of evidence at the motion hearing. The trial court denied Hampton's motion to withdraw the guilty plea.

{¶ 6} By judgment entry dated November 18, 2014, the trial court denied Hampton's motion to withdraw his plea of guilty. The matter proceeded to a sentencing hearing on December 17, 2014, during which Hampton was sentenced to six years in the appropriate penal institution. The trial court filed its Judgment Entry[1] memorializing the sentence on December 17, 2014. It is from this judgment that Hampton timely filed his notice of appeal on January 6, 2015.

## II. Assignments of Error

{¶ 7} Hampton sets forth two assignments of error:

I.      The trial court abused its discretion, and reversible error, for not granting
        Appellant's motion to withdraw the plea of guilty, where there was
        disagreement about what was required of Appellant under the agreement.

---

[1] The trial court later filed an Amended Judgment Entry Final Appealable Entry on January 9, 2015. The amendments include (1) changing the code section of the violation from R.C. 2911.02(A)(3) to R.C. 2911.01(A)(3) and (2) changing the credit for time served from 288 days to 98 days. These issues are not set forth as bases for this appeal and will not be addressed by this court.

II.     Appellant's trial counsel was ineffective for not bringing threats made against appellant's paramour and her family to the court's attention, and as a result Appellant's plea of guilty was made under duress, and was therefore not voluntarily made.

### III. Law and Analysis

### A. First Assignment of Error

{¶ 8} In his first assignment of error, Hampton contends that the trial court improperly denied his presentence motion to withdraw his guilty pleas. Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." " '[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.' " *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus.

{¶ 9} A trial court possesses discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the trial court's decision absent an abuse of that discretion. *See id.* at paragraph two of the syllabus, 526. The phrase "abuse of discretion" implies the court's attitude is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Furthermore, "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 10} We have set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: " '(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.' " *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, ¶ 7, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001). Other considerations include: " '(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.' " *Id*., quoting *McNeil* at 176. However, a change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Id*., citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 11} In this case, the transcript of the plea hearing referred to the document titled "Proceeding on Plea of Guilty" [OP 24]. The trial court stated at the plea hearing, "Second is a four page document proceeding on a plea of guilty twenty six questions you go over with your defense attorney and at the bottom of the last page is that your signature?" Hampton answered, "Yes sir." The document indicated the following pertinent questions asked of Hampton and the answers provided by Hampton.

* * *

5. Q. Did your attorney explain to you your constitutional rights and what might happen if you plead guilty?

A. Yes [handwritten]

* * *

7. Q. Do you have confidence in your attorney?

A. Yes [handwritten]

8. Q. Were any promises, threats or inducements made to you to persuade you to

plead guilty?

A. No [handwritten]

9. Q. Do you understand what is taking place here?

A. Yes [handwritten]

* * *

11. Q. Are you making this plea of your own free will, that this is a voluntary act,

and do you understand the nature of the charge and the maximum penalty

involved * * *?

A. Yes [handwritten]

* * *

21. Q. Are you making this plea of your own free will?

A. Yes [handwritten]

Hampton signed his name at the bottom of the document as "Edward R. Hampton, Jr."

{¶ 12} The first factor that we examine is whether Hampton had highly competent counsel representing him. In the document "Proceeding on Plea of Guilty," Hampton acknowledges that his attorney had explained to him his constitutional rights and what might happen to him if he entered a guilty plea. Hampton also acknowledged that he had confidence in his attorney. Therefore, it is arguable that Hampton's counsel was competent.

{¶ 13} Next, we consider whether Hampton was given a full Crim.R. 11 hearing before entering the plea. After reviewing the transcript of the change of plea hearing on July 2, 2014, it is apparent that Hampton was provided a full Crim.R. 11 hearing prior to changing his not guilty plea to a guilty plea. The trial court also held a hearing on his motion to set aside or withdraw the plea of guilty although Hampton did not present any evidence at the hearing. Instead, only oral arguments by Hampton's counsel and the prosecutor were made. Neither party called any witnesses to testify. The trial court did not preclude either party from calling any witnesses. After Hampton's trial counsel and the prosecutor made their arguments, the trial court stated:

> This isn't one of those matters that I can make a ruling from the bench on this
>
> involves, as both counsel indicated, um, an appropriate analysis of the law. I'll get
>
> a written decision out so that you've got something to explain whatever the ruling
>
> is just as quickly as I can. And advise counsel just as soon as that comes out.

On November 18, 2014, the trial court then issued a written decision that cited various cases. It is evident that the trial court gave full and fair consideration to Hampton's motion.

{¶ 14} With respect to whether the motion was made within a reasonable time, we note that Hampton's motion to set aside the guilty plea was timely made as it was made prior to the imposition of sentence.

{¶ 15} As to whether Hampton's motion sets forth specific reasons for the withdrawal, Hampton's reasoning for setting aside his guilty plea in his written motion is somewhat vague. In the written motion, Hampton does not explicitly claim that a plea agreement had been breached; however, this seems to be the essence of his claim. At the hearing on the motion to set aside the guilty plea, Hampton's trial counsel argued that there was an agreement between Hampton and

the State. It is clear from reviewing the transcript of the change of plea hearing that no plea

agreement was recited into the record. Nonetheless, Hampton's trial counsel argued:

> The agreement was that he would cooperate with the State. My client um, submits
>
> that he has done that. Counsel for the State does not believe his cooperation to be
>
> either beneficial and/or less than truthful and withdrew the offer of five years with
>
> the understanding would not oppose judicial release after four years if he basically
>
> kept his nose clean in prison. Um, the State's position then was because they
>
> don't feel he cooperated to the full extend that they expected that he could take a
>
> sentence of six years flat with no recommendation as to JR or to judicial release.
>
> Or could file a motion to set aside his guilty plea. * * * He believes he cooperated
>
> and done what he was suppose to under that plea agreement. However, that's been
>
> withdrawn by the State, therefore he has no choice in this matter he does not want
>
> to take six years flat. * * *

{¶ 16} At the hearing, the State responded that on July 2, 2014, Hampton had given a

statement to investigators indicating his involvement in the robbery; and Hampton did agree to

testify on behalf of the State in a co-defendant's trial. Apparently, Hampton later changed his

mind. Hampton no longer wished to testify on behalf of the State. Hampton also indicated that he

was not even present at the time of the actual robbery. The State acknowledged that it gave

Hampton three options:

> Either [Hampton will] testify against co-defendant and we'll recommend five out
>
> in four or we'll recommend six years to the court. If he doesn't want any one of
>
> those the only other option he has is to withdraw his plea. Not that, that was an
>
> offer from me to withdraw his plea and I think that is how it was conveyed.

* * *

Whether the court allows the defendant to withdraw his plea I believe is controlled by Ohio Statutes and case law. So I would defer the facts that the court has to the court on making that decision.

{¶ 17} Although the trial court held a hearing on the motion to set aside Hampton's guilty plea, Hampton did not testify at the hearing. He provided no testimony explaining to the trial court why he wanted to withdraw his plea of guilty. Hampton presented no testimony regarding the alleged plea agreement and what he believed may have been a breach of the plea agreement. Hampton did not set forth specific reasons for the withdrawal as no evidence was presented at the hearing.

{¶ 18} Hampton's appellate brief clearly sets forth his theory that a plea agreement was offered to him, which included his cooperation in the prosecution of a co-defendant. Hampton claims that the State withdrew its offer when he was deemed to have not cooperated. Hampton attached an affidavit to his appellate brief setting forth this information; however, the affidavit was not a part of the trial proceedings. We cannot consider the affidavit in our review. "[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hooks,* 92 Ohio St.3d 83, 748 N.E.2d 528 (2001).

{¶ 19} With respect to whether Hampton understood the nature of the charge and the possible penalties, during the hearing on the change of plea, the trial court clearly informed Hampton of the charge of aggravated robbery. The trial court also informed Hampton of the maximum sentence of eleven years in state prison, the maximum fine of twenty thousand dollars, and five years mandatory post-release control. The trial court inquired of Hampton whether he

understood that if he pleaded guilty that he was admitting to the court that he committed the allegations of the indictment. Hampton answered, "Yes sir." Moreover, in the signed document "Proceeding on Plea of Guilty," Hampton answered affirmatively the question, "[t]he indictment charges you with a violation of Ohio law. Do you understand this and has your counsel explained the elements thereof?" Hampton also answered "yes" to the question, "Do you understand that the date of your release depends on many factors, thus, no promises can be made with respect to the actual time you will spend in a penal institution in the event of sentence, except the limitations contained in the statute?"

{¶ 20} Finally, we consider the factor whether the accused was perhaps not guilty or had a complete defense to the charge. Not once did Hampton offer any evidence nor did his trial counsel argue or even aver that Hampton was not guilty or had a complete defense to the charge. Hampton's answers to questions in the document "Proceeding on Plea of Guilty" also reflect that Hampton did not have a complete defense to the charge.

22. Q. Do you and your defense counsel believe that there is a factual basis for the plea of guilty?

A. Yes [handwritten]

* * *

24. Q. Do you or your attorney have any competent evidence to offer to show that you are not guilty of the offense charged?

A. No. [handwritten]

{¶ 21} "[A]n appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). As no testimony or other evidence

was presented at the hearing on the motion to set aside the guilty plea, given the record before us, we cannot find that the trial court abused its discretion in denying Hampton's motion to set aside the guilty plea. In sum, a review of the record reflects that Hampton changed his mind regarding his guilty plea, which is not a reasonable and legitimate basis for withdrawing a plea. Moreover, a balance of the factors outlined above does not justify withdrawal of his guilty plea. Accordingly, the trial court did not act arbitrarily, unreasonably or unconscionably in denying Hampton's motion to withdraw his guilty plea; and his first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 22} In the second assignment of error, Hampton contends that his trial counsel was ineffective for not bringing threats made against his paramour and her family to the court's attention, and as a result Hampton's plea of guilty was made under duress, and was therefore not voluntarily made. Hampton attaches to his appellate brief his own affidavit, his paramour's affidavit, and copies of alleged handwritten threats in support of his argument. The State argues that the attachments cannot be considered on appeal, as they are matters outside the record. The State also claims that it is reasonable trial strategy for Hampton and his trial counsel to decide to submit his motion to withdraw solely on the statement of the trial counsel in order to avoid Hampton testifying under oath.

{¶ 23} Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout,* 4th Dist. Gallia No. 07CA5, 2008–Ohio–1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984); *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).

{¶ 24} In addition, in *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715, the Ohio Supreme Court states:

> The *Strickland* test was applied to guilty pleas in *Hill v. Lockhart* (1985), 474
>
> U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. "First, the defendant must show that
>
> counsel's performance was deficient." *Strickland,* 466 U.S. at 687, 104 S.Ct. at
>
> 2064, 80 L.Ed.2d at 693; *Hill,* 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209.
>
> Second, "the defendant must show that there is a reasonable probability that, but
>
> for counsel's errors, he would not have pleaded guilty * * *." *Hill,* 474 U.S. at 59,
>
> 106 S.Ct. at 370, 88 L.Ed.2d at 210; see *Strickland,* 466 U.S. at 687, 104 S.Ct. at
>
> 2064, 80 L.Ed.2d at 693.

{¶ 25} "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters,* 4th Dist. Washington Nos. 13CA33, 13CA36, 2014–Ohio–4966, ¶ 23, quoting *Strickland* at 689. "Thus, 'the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Id.*, quoting *Strickland* at 689. " 'A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.' " *Id.*, quoting *State v. Taylor,* 4th Dist. Washington No. 07CA1, 2008–Ohio–482, ¶ 10. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id.*

{¶ 26} Before we analyze the second assignment of error using the *Strickland* test, we must address a different issue. Here, Hampton attaches his affidavit and an affidavit of his paramour, Gayle Yates, to his appellate brief. These affidavits basically set forth that Gayle Yates and her family were being threatened with letters during the prosecution of Hampton. The letters state, "Tell Ed to plead guilty or it won't be good"; "If Ed don't plead guilty he will see what happens"; and "Ed better plead guilty or will will burn your alls place down and his family". However, these matters were not part of the trial record.

{¶ 27} This court held in *State v. Ables*, 4th Dist. Pickaway No. 11CA22, 2012-Ohio-3377, ¶ 11, that Crim.R. 32.1 is the improper vehicle for an ineffective-assistance-of-counsel claim when it relies upon matters outside the record. This court stated:

> "Matters outside the record that allegedly corrupted the defendant's choice to
> enter a plea of guilty or no contest so as to render the plea less than knowing and
> voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction
> relief. In 1996, the General Assembly limited the number of such petitions to but
> one, which must be filed within 180 days after the time for appeal has expired,
> absent certain narrow showings that R.C. 2953.23(A) requires. Since then,
> grounds formerly presented in support of petitions for post-conviction relief are
> now more frequently employed to support Crim.R. 32.1 motions, which are not
> subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief
> on those same grounds removes them from the form of extraordinary
> circumstance demonstrating a manifest injustice which is required for Crim.R.
> 32.1 relief."

*Id*. at ¶ 11, quoting *State v. Moore,* 2d Dist. Montgomery No. 24378, 2011–Ohio–4546, ¶ 14.

{¶ 28} In the case sub judice, Hampton's ineffective-assistance-of-counsel claim relies upon the matters discussed in his affidavit, his paramour's affidavit, and the letters. These matters, however, are absent from the record on appeal. Therefore, Hampton's ineffective assistance of counsel claim relies upon evidence outside the record. According to precedent, a petition for post-conviction relief would have been the proper vehicle for Hampton to raise this argument. *See State v. Whitaker,* 4th Dist. Scioto No. 10CA3349, 2011–Ohio–6923, ¶ 11. With respect to Hampton's claim of ineffective assistance of counsel, a Crim.R. 32.1 motion is not the proper vehicle for relief. Accordingly, the trial court did not abuse its discretion by denying Hampton's motion. We overrule his second assignment of error.

### IV. Conclusion

{¶ 29} Having overruled both of Hampton's assignments of error for the reasons stated above, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds that reasonable grounds for this appeal existed.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty (60) days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty (60) day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty (60) days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:  Concurs in Judgment and Opinion.
McFarland, A.J.:  Concurs in Judgment Only.

                                                            For the Court


                                                    By:_____
                                                            Marie Hoover
                                                            Presiding Judge


## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.