[Cite as *State v. Sweet*, 2018-Ohio-4505.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA1063 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRYANT SWEET, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/01/2018** |

APPEARANCES:

Alex F. Kochanowski, Cincinnati, Ohio, for appellant.

Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

Harsha, J.

{¶1}   Bryant Sweet pleaded guilty to aggravated possession of drugs as part of a plea agreement that included a jointly recommended four-year prison sentence.  The trial court accepted his plea, sentenced him in accordance with the parties' recommended sentence and imposed a fine.  We granted Sweet's request to file a delayed appeal.

{¶2}   Sweet contends that he was deprived of his right to the effective assistance of counsel, which rendered his guilty plea invalid.  He contends that his attorney should have investigated his mental health and addiction history and presented more details about it to the state during plea negotiations in an effort to obtain a minimum two-year sentence.  However, Sweet has failed to establish that his lawyer's performance was deficient or that he was prejudiced. Nothing in the record indicates the extent to which Sweet's trial attorney investigated – or failed to investigate – Sweet's health history or the extent it was discussed in plea negotiations. Sweet has failed to

establish that he would not have pleaded guilty and would have insisted on going to trial, that the state would have recommended a shorter sentence, or that the court would have imposed a shorter sentence had his counsel presented a more complete health history. To the extent his claim of ineffective assistance relies upon evidence outside the record on appeal, a direct appeal is not the appropriate vehicle for Sweet to raise this claim.

{¶3}    Sweet also contends that the trial court erred when it failed to give adequate weight to mitigating factors and it should have sentenced him to the two-year statutory minimum prison term rather than four years. However, because the four-year term was a jointly recommended sentence imposed by the trial court and authorized by law, it is not subject to our review.

{¶4}    We affirm the judgment of the trial court.

I. FACTS

{¶5}    The Adams County Grand Jury indicted Bryant Sweet on one count of aggravated possession of drugs, a second-degree felony in violation of R.C. 2925.11. While represented by counsel, Sweet agreed to plead guilty in return for a jointly recommended four-year prison sentence. At the sentencing hearing Sweet explained to the court that he had addiction issues and had remained drug free for six years before his mother, whom he cares for, became ill and he relapsed.  Sweet's cancer diagnosis was also summarily discussed. The trial court determined that the plea was entered knowingly, intelligently and voluntarily, imposed the jointly-recommended four-year prison sentence, and imposed a fine, which it partially waived due to Sweet's indigency.

{¶6}    This delayed appeal followed.

## III. ASSIGNMENTS OF ERROR[1]

{¶7}   Sweet assigns the following errors for our review:

1.  MR. SWEET RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS RESULTING IN AN UNKNOWING AND INVOLUNTARY PLEA.

2.  MR. SWEET WAS DENIED DUE PROCESS AND FAIR TRIAL DURING SENTENCING WHEN THE TRIAL COURT FAILED TO SENTENCE MR. SWEET TO THE STATUTORY MINIMUM BASED ON HIS PERSONAL FACTORS IN MITIGATION, IN VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

## IV. LAW AND ANALYSIS

### A.  Ineffective Assistance of Counsel

{¶8}   Sweet argues because he was deprived of his right to the effective assistance of counsel, his guilty plea was involuntary and unknowing. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶9}   His guilty plea forfeited the claim of ineffective assistance of counsel unless it precluded him from knowingly, intelligently, and voluntarily entering that plea. *See State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 26, quoting *State*

---

[1] Appellant's brief does not contain a statement of the assignments of error. However, we take the statements identified as "I" and "II" in the argument section to be the assignments of error.

*v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26 (" '[a] claim of ineffective assistance of counsel is * * * waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea' ").

**{¶10}** Sweet claims that his trial counsel was ineffective because counsel: (1) failed to properly investigate his personal background and psychological status; (2) failed to present his psychological and addiction history to the state during plea negotiations; and (3) failed to present these mitigating factors to the court during the sentencing hearing. He argues that had counsel made a proper investigation, the findings would have provided grounds for the state to consider and the court to approve a jointly recommended two-year minimum sentence.

**{¶11}** The record does not reveal how his counsel's conduct made his plea less than knowing, intelligent, and voluntary. His counsel's efforts to investigate Sweet's psychological or addiction history are not contained in the record, nor does the record contain any discussion that occurred during the plea negotiations. We would have to speculate that counsel's performance was deficient. Moreover, Sweet has failed to show any prejudice, i.e. a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Sweet has failed to provide any evidence that the state would have agreed to recommend a two-year minimum sentence or that the court would have sentenced Sweet accordingly if counsel had presented more about Sweet's psychological health and addiction history during plea negotiations and sentencing.

**{¶12}** Sweet concedes that he was responsible for having large quantities of illegal drugs in his possession. Despite this, his counsel was able to obtain a plea offer that resulted in a sentence of four fewer years than the maximum eight-year term he could have received had he been convicted at trial. Our de novo review of the record establishes that the trial court complied with the constitutional and procedural safeguards to ensure that Sweet's plea was knowingly, intelligently, and voluntarily entered and fully complied with Crim.R. 11. Sweet does not contend otherwise.

**{¶13}** Moreover, Sweet's brief is largely bereft of any record citations and little of the psychological or addiction history presented extensively in Sweet's brief is contained in the record. To the extent Sweet is relying on evidence that is outside the record to support his claim, postconviction relief—not direct appeal—is the appropriate method to seek relief based on a claim of ineffective assistance. *See State v. Williams*, 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, ¶ 37, citing *State v. Hampton,* 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 28 (petition for postconviction relief is the proper vehicle to raise a claim of ineffective assistance of counsel that relies upon evidence outside the record). We overrule Sweet's first assignment of error.

B. Jointly Recommended Sentence

**{¶14}** Sweet contends that the trial court erred when it failed to sentence him to the two-year statutory minimum because the court did not give adequate weight to several mitigating factors, like his remorse and lack of prior criminal history. However, the trial court imposed a jointly recommended sentence. Sweet repeatedly stated that he understood the sentence, agreed to it, and understood that the trial court intended to follow the joint recommendation.

**{¶15}** R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16

**{¶16}** Here the record shows that both the defendant and the state agreed to the sentence. At the plea and sentencing hearing the parties stated that it was a jointly recommended sentence and the trial court stated it would follow the recommendation of the parties. The four-year sentence is authorized by law under R.C. 2929.14(A)(2), which authorizes a two to eight-year incarceration for a second-degree felony. And, it was imposed by the trial court. Accordingly, Sweet's sentence is not reviewable.

**{¶17}** We overrule Sweet's second assignment of error.

### IV. CONCLUSION

**{¶18}** Having overruled both of Sweet's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**