[Cite as *State v. Holsinger*, 2019-Ohio-5108.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA26 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| EDWARD S. HOLSINGER, | : | |
| Defendant-Appellant. | : | **RELEASED 12/02/2019** |

_____

<u>APPEARANCES</u>:

Michael A. Davenport, Davenport and Knipp, PLLC, West Hamlin, West Virginia, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

Hess, J.

{¶1}   Edward S. Holsinger appeals his conviction on two counts of possession of controlled substances, both fifth degree felonies. Holsinger contends that the trial court erred when it failed to hold a hearing to determine whether an outside communication biased the jury.  However, nothing in the trial transcript contains any record that any outside communications were made, that any juror heard any outside communications, or that the trial court was made aware of any alleged outside communications. Thus, Holsinger has failed to establish that any misconduct occurred.

{¶2}   We reject his argument and affirm his conviction.

I. FACTS

{¶3}   Holsinger was indicted on two counts of possession of controlled substances in violation of R.C. 2925.11(A)(C)(4)(a) and (C)(1)(a), both fifth degree

felonies. Holsinger pleaded not guilty and the matter proceeded to trial. The jury found

Holsinger guilty on both counts and the trial court sentenced him to a total prison term of

18 months.

## II. ASSIGNMENT OF ERROR

{¶4}   Holsinger assigns the following error for our review:

> THE COURT BELOW ERRED IN FAILING TO PROPERLY HOLD A
> HEARING REGARDING OUTSIDE COMMUNICATION WITH THE
> JURORS WHEN IT WAS DISCOVERED, BY THE COURT'S BAILIFF,
> THAT THE DEFENDANT HAD BEEN INADVERTENTLY SEATED
> AMONG THE JURY POOL IMMEDIATELY PRIOR TO
> COMMENCEMENT OF HIS TRIAL AND HAD BEEN DISCUSSING
> THE FACTS OF THE CASE IN THE PRESENCE OF EACH ONE OF
> THE SOON-TO-BE-MEMBERS OF HIS JURY.

## III. LAW AND ANALYSIS

### A. Outside Communications with Jurors

{¶5}   In his appellate brief, Holsinger contends that on the morning of his trial, he

drove to the courthouse and took a seat in a public area outside the courtroom where his

trial was to be held. According to Holsinger, members of the jury pool were also seated

in the area. Holsinger contends that he and a companion freely discussed the facts of his

case. He speculates that it was possible that some of the potential jurors may have

overheard. The members of the jury pool were then escorted by the court's bailiff

elsewhere and shortly thereafter his trial began.

{¶6}   Holsinger contends that the trial court made no effort to determine whether

any of the jurors had been tainted by exposure to evidence central to his case outside the

bounds of the trial. He argues that the trial court has a duty to control the criminal

proceedings under R.C. 2945.03 and if an allegation of outside communication to a juror

is made, the trial court must make an inquiry to determine whether the communication

biased the juror. Holsinger's brief contains no references to the parts of the record to support his factual allegations and legal argument as required by App.R. 16(A).

{¶7}   An appellate court has discretion to disregard an assignment of error presented for review if the party raising it "fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." App.R. 12(A)(2). However, in the interest of justice, we will proceed to determine the appeal based on the stated assignment of error and will address the argument and legal authority provided in Holsinger's analysis to the extent that we discern such arguments and legal authority support this assignment of error. *E.g., State v. Baskin,* 2019-Ohio-2071, __N.E.3d __, ¶ 36 (3rd Dist.) (refusing to consider an assignment of error where appellant failed to identify places in the record as required under App.R. 16(A)); *Taneff v. Lipka,* 2019-Ohio-887, 124 N.E.3d 859, ¶ 30 (10th Dist.) (reviewing the assignment of error, in the interest of justice, despite failure to comply with App.R. 16(A)).

## 1. Standard of Review

{¶8}   An inquiry into alleged juror misconduct requires a two-step analysis: (1) the trial court must determine whether misconduct occurred and if so, (2) the court must determine whether the misconduct materially affected the appellant's substantial rights. Trial courts have broad discretion when addressing allegations of juror misconduct. Therefore, we review a trial court's decision for an abuse of discretion. *State v. Wilson,* 4th Dist. Scioto No. 15CA3703, 2017-Ohio-1175, ¶ 12-13; *State v. Marshall*, 4th Dist. Lawrence No. 06CA23, 2007-Ohio-6298, ¶ 57.

## 2. Legal Analysis

**{¶9}** A trial court that learns of improper outside communications with a juror must hold a hearing to determine if the juror is biased:

> When a trial court learns of an improper outside communication with a juror, it must hold a hearing to determine whether the communication biased the juror. *Smith v. Phillips* (1982), 455 U.S. 209, 215–216, 102 S.Ct. 940, 945, 71 L.Ed.2d 78, 84; *Remmer v. United States* (1954), 347 U.S. 227, 229–230, 74 S.Ct. 450, 451, 98 L.Ed. 654, 656. "In a criminal case, any private communication * * * with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial * * *. [T]he burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant." *Id.* The Sixth Circuit, however, has held that the defense must prove that the juror has been biased. *United States v. Zelinka* (C.A.6, 1988), 862 F.2d 92, 95, citing *Smith v. Phillips, supra; contra United States v. Littlefield* (C.A.9, 1985), 752 F.2d 1429, 1431. In cases involving outside influences on jurors, trial courts are granted broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror. *See United States v. Daniels* (C.A.6, 1976), 528 F.2d 705, 709–710; *United States v. Williams* (C.A.D.C.1987), 822 F.2d 1174, 1189; Annotation (1992), 3 A.L.R.5th 963, 971, Section 2.

*State v. Phillips*, 74 Ohio St.3d 72, 88-89, 1995-Ohio-171, 656 N.E.2d 643.

**{¶10}** Holsinger contends he and a companion were sitting in the same area as potential jurors and discussing the facts of the case. However, there is no record of this incident in the transcript and no record that the incident was brought to the trial court's attention. The burden is on Holsinger to make a record in the transcript or to provide us with an App.R. 9(E) statement. If there were unrecorded bench conferences concerning this outside communication, "any error was waived where appellant did not attempt to correct the record pursuant to App.R. 9(C) or (E) and did not point out a specific instance where effective review is precluded by the incompleteness of the transcript." *State v. Cunningham,* 4th Dist. Washington No. 91 CA 30, 1993 WL 97713, *3 (Apr. 2, 1993).

**{¶11}** The state cites to the voir dire portion of the transcript and emphasizes that none of the jurors stated that they had overheard Holsinger or anyone else discussing the facts of the case before coming into the courtroom. Additionally, the state submitted two affidavits with its appellate brief, one by the court security officer and one by the trial court bailiff who was present during Holsinger's trial. Both court personnel state that neither Holsinger nor anyone else reported that these outside communications had occurred. However, these affidavits were not part of the trial proceedings. We cannot consider the affidavits in our review. " '[A] reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State v. Hampton*, 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 18, quoting *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001).

**{¶12}** After reviewing the record, we find that Holsinger has failed to establish that any outside communication with the jurors occurred. Even if we assume that these communications occurred, Holsinger cites to no place in the record where the trial court was made aware of them. We overrule Holsinger's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**