[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 83.]

THE STATE OF OHIO, APPELLEE, *v*. HOOKS, APPELLANT.

[Cite as *State v. Hooks*, 2001-Ohio-150.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Application denied when claimant fails to demonstrate that his allegations of ineffectiveness of appellate counsel have any merit—Court of appeals' denial of application to reopen appeal affirmed.*

(No. 00-1771—Submitted March 27, 2001—Decided June 20, 2001.)

APPEAL from the Court of Appeals for Montgomery County, No. 9275.

_____

*Per Curiam.*

{¶ 1} Appellant, Danny E. Hooks, was convicted of the aggravated murders of Donald Danes, his wife, Karen Danes, and their sixteen-year old son, Rodney Danes, and sentenced to death. He was also convicted and sentenced to prison for three counts of aggravated robbery and one count of aggravated burglary. The court of appeals affirmed his convictions and sentences. *State v. Hooks* (Oct. 22, 1986), Montgomery App. No. CA 9275, unreported, 1986 WL 11906. We also affirmed Hooks convictions and death sentences. *State v. Hooks* (1988), 39 Ohio St.3d 67, 529 N.E.2d 429, certiorari denied, *Hooks v. Ohio* (1989), 490 U.S. 1012, 109 S.Ct. 1657, 104 L.Ed.2d 171.

{¶ 2} Subsequently, the court of appeals affirmed the trial court's decision to deny Hooks's petition for postconviction relief. *State v. Hooks* (Oct. 30, 1998), Montgomery App. Nos. 16978 and 17007, unreported, 1998 WL 754574. We refused to accept Hooks's appeal of that decision. *State v. Hooks* (1999), 85 Ohio St.3d 1424, 707 N.E.2d 515.

**{¶ 3}** On March 17, 2000, Hooks filed an application with the court of appeals to reopen his initial appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel before the court of appeals in his first appeal. However, the court of appeals found that Hooks had failed to demonstrate that a genuine issue existed and denied Hooks's application to reopen his appeal. *State v. Hooks* (Aug. 23, 2000), Montgomery App. No. 9275, unreported. The cause is now before this court upon an appeal as of right.

**{¶ 4}** Hooks raises three issues in this appeal. First, Hooks seeks an evidentiary hearing to perfect his claim of appellate counsel's ineffectiveness. However, a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material. Thus, Hooks's request for an evidentiary hearing lacks merit.

**{¶ 5}** In his second issue, Hooks argues that his appellate counsel suffered from a conflict of interest because his trial attorneys also represented Hooks on appeal. Hooks argues that a conflict exists, since such counsel were precluded from raising their own ineffectiveness at trial. Admittedly, appellate counsel cannot realistically be expected to argue their own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 639 N.E.2d 784; see, also, *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169.

**{¶ 6}** However, " '[i]n order to establish a violation of the Sixth Amendment, a defendant * * * must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' A possible conflict is insufficient." (Citations omitted and emphasis deleted.) *State v. Getsy* (1998), 84 Ohio St.3d 180,

187, 702 N.E.2d 866, 877. The same rationale applies to *Murnahan* claims. As we shall discuss, Hooks has failed to demonstrate that his allegations of ineffectiveness of appellate counsel have any merit. See *State v. Dillon* (1995), 74 Ohio St.3d 166, 657 N.E.2d 273. New counsel on this appeal represent Hooks, and no possible conflict of interest exists now.

{¶ 7} Hooks's third issue reaches the merits of issues that he claims his former appellate lawyers should have raised. Hooks claims that his appellate counsel were constitutionally ineffective because they failed to raise eleven specific assignments of error on his direct appeal before the court of appeals.

{¶ 8} The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, is the appropriate standard to assess whether Hooks has raised a "genuine issue" as to the ineffectiveness of appellate counsel, in his request under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458.

{¶ 9} To show ineffectiveness of counsel, Hooks must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had those claims been presented on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Moreover, to justify reopening his appeal, Hooks "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 696-697.

{¶ 10} Our review of Hooks's eleven assignments of error demonstrates that they had no reasonable probability of success, even if they had been raised on appeal. Hooks's alleged errors are precluded by settled law, involve decisions within the discretion of the trial judge, or otherwise lack merit. Additionally, the court of appeals noted that Hooks failed to raise many of these issues at trial and

thereby waived them on appeal. Nor has Hooks demonstrated that the trial court abused its discretion in areas within that discretion.

{¶ 11} Hooks, for example, first claims that Ohio's death penalty violates three international agreements, but that claim lacks merit. See *State v. Bey* (1999), 85 Ohio St.3d 487, 709 N.E.2d 484; *State v. Phillips* (1995), 74 Ohio St.3d 72, 103-104, 656 N.E.2d 643, 670-671. Second, Hooks asserts that he was denied a fair proportionality review, but that issue was resolved by *State v. Steffen* (1987), 31 Ohio St.3d 111, 31 OBR 273, 509 N.E.2d 383.

{¶ 12} Hooks's remaining assertions raise issues not previously raised at trial. Waiver therefore precludes those issues absent plain error, and Hooks has failed to demonstrate outcome-determinative plain error. *State v. Wade* (1978), 53 Ohio St.2d 182, 7 O.O.3d 362, 373 N.E.2d 1244.

{¶ 13} Finally, Hooks's contention that cumulative errors committed in his case resulted in substantial prejudice is without merit, since "[s]uch errors cannot become prejudicial by sheer weight of numbers." *State v. Hill* (1996), 75 Ohio St.3d 195, 212, 661 N.E.2d 1068, 1084.

{¶ 14} Consequently, after reviewing Hooks's assertions of deficient performance by appellate counsel, we find that Hooks has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals as required under App.R. 26(B)(5).

{¶ 15} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

––––––––––––––––––––

**LUNDBERG STRATTON, J., dissenting.**

{¶ 16} I respectfully dissent from the majority's decision to affirm the judgment of the court of appeals by denying defendant's appeal to reopen his appellate proceedings.

{¶ 17} Hooks was represented at trial and on direct appeal by the same two counsel. Although this is a capital case, the brief filed by defense counsel in the court of appeals was only twenty-five pages long. Counsel filed three assignments of error, one of which was a general challenge to the constitutionality of the death penalty. Moreover, there were very few citations of authority within the assignments of error.

{¶ 18} Pursuant to App.R. 26(B)(5), "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Further, "[i]f the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment." App.R. 26(B)(9).

{¶ 19} Clearly, in a capital case, where a defendant's very life is at stake, a twenty-five-page brief is, on its face, deficient, particularly when it raises only three issues, only one or possibly two of which are meritorious, and none of which is supported by adequate authority. Every criminal defendant is entitled to a thorough review of his or her case on direct appeal. Many briefs in capital cases average from 150 to 300 pages and raise 15 to 25 assignments of error. In a *Murnahan* appeal, we cannot adequately consider the numerous issues that should have been raised on direct appeal, as the majority has attempted to do here. These issues should be fully briefed, presented by oral argument, considered in conference, and decided after a full review of the record in order to be completely and fairly addressed.

{¶ 20} I believe that this defendant's representation was so poor that he was not fairly represented on direct appeal of his death sentences. If the facts in this case do not warrant a finding of ineffective assistance of counsel, then I cannot imagine a set of facts that would meet the threshold. The public confidence in the integrity of our system depends on our assurance that even those defendants who are alleged to have committed the most heinous crimes deserve an adequate and fair defense under our American system.

{¶ 21} Hooks did not receive the effective assistance of counsel guaranteed to him by the Sixth Amendment. I believe that by denying him the opportunity to reopen his appeal so that he may ultimately have a thorough review of his case, our faith in our capital system is undermined. The results may not be different in the long run, but we would have the confidence that the final decision was reached only after Hooks received a full and vigorous representation. For these reasons, I respectfully dissent.

_____

*Charles L. Willie*, Clinton County Special Assistant Prosecuting Attorney, and *Deborah Quigley*, Clinton County Assistant Prosecuting Atorney, for appellee.

*Buell & Sipe Co., L.P.A.,* and *Dennis L. Sipe;* and *Donald C. Schumacher,* for appellant.

_____