DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Melinda S. Lewandowski appeals the decision of the Athens County Court of Common Pleas, Juvenile Division, which adjudicated her child a neglected and dependent child and, ultimately, awarded permanent custody to Appellee Athens County Children Services.
 {¶ 2} Appellant presents three arguments: (1) the trial court erred in finding her child to be abandoned; (2) R.C. 2151.011(C) is unconstitutional; and (3) it was a denial of due process for appellee to withdraw its initial complaint on remand and file a new one.
 {¶ 3} We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. The Proceedings Below {¶ 4} This is the second time that issues involving the adjudication and disposition of Appellant Melinda S. Lewandowski's biological son, Thomas, have been appealed to this Court.
 {¶ 5} In January 2002, we reversed the trial court's grant of permanent custody of Thomas to Appellee Athens County Children Services (ACCS) because the trial court failed to comply with Juv.R. 29(D) and Civ.R. 58(B). See In re Thomas Fennell III (Jan. 23, 2002), Athens App. No. 01CA45. We remanded the case for the trial court to hold new adjudicatory and dispositional hearings.
 {¶ 6} However, these hearings were never held because ACCS abandoned the action and filed a new complaint. In the new complaint, ACCS again alleged that Thomas was a neglected and dependent child and requested that permanent custody be awarded to it.
 {¶ 7} In February 2002, the trial court held an adjudicatory hearing and found Thomas to be neglected and dependent.
 {¶ 8} In March 2002, the trial court held a dispositional hearing and awarded permanent custody of Thomas to ACCS.
 {¶ 9} In April 2002, the trial court issued its "Decision, Judgment Entry And Findings of Fact and Conclusions of Law." In this entry, the trial court explained that it "found the minor child to be neglected and dependent by clear and convincing evidence, due to the abandonment of the child by the parents." The balance of the entry addressed solely the disposition of Thomas.
 II. The Appeal {¶ 10} Subsequently, Ms. Lewandowski filed an appeal and assigned the following errors for our review.
 {¶ 11} First Assignment of Error: "[R.C. 2151.011(C)] impermissibly shifts the burden of proof in violation of procedural and substantive due process rights, and the trial court erred in applying it."
 {¶ 12} Second Assignment of Error: "The trial court erred in finding Thomas Fennell III to be a neglected and dependent child based upon abandonment."
 {¶ 13} Third Assignment of Error: "The trial court erred in adjudicating Thomas Fennell II [sic] a neglected and dependent child predicated on events occurring after Athens County Children Services had control of Thomas Fennell III, which constitutes a denial of procedural and substantive due process under the United States and Ohio constitutions."
 {¶ 14} We will address these assignments of error in an order conducive to our analysis.
 A. Abandonment {¶ 15} In appellant's Second Assignment of Error she argues that the trial court erred in finding Thomas to be abandoned. We disagree.
 {¶ 16} Appellant's specific argument is that the "evidence does not establish that [appellant] `willfully left' Thomas or that she had the `intention of causing perpetual separation.'" See In re Masters
(1956), 165 Ohio St. 503, 137 N.E.2d 752 (Appellant's language is likely derived from this case, wherein the Supreme Court of Ohio used similar language in setting forth criteria for determining what constitutes abandonment.).
 {¶ 17} Contrary to appellant's brief, her argument constitutes a challenge to the manifest weight of the evidence. The question appellant is asking this Court to answer is whether the trial court's finding that Thomas was abandoned, and, concomitantly, whether he was neglected and dependent, was supported by some competent, credible evidence. See C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
 {¶ 18} We emphasize that a proper analysis of a manifest-weight-of-the-evidence challenge is tempered by two long-standing principles. First, our review must be highly deferential: we are to sustain the trial court's judgment upon a demonstration that it is supported by merely some competent, credible evidence. See Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; accord Cydrusv. Houser (Nov. 29, 1999), Ross App. No. 98CA2425.
 {¶ 19} Second, irrespective of whether the case is civil or criminal, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; accord Hartford Casualty Insurance Company v. Easley (1993),90 Ohio App.3d 525, 630 N.E.2d 6; see, generally, Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (explaining that "the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the proffered testimony").
 {¶ 20} Against this backdrop, we will evaluate the evidence adduced below.
 {¶ 21} The testimony presented at the hearings established the following: ACCS has had custody of Thomas since April 19, 2000; appellant has failed to pay child support for Thomas since he has been with ACCS; appellant failed to attend a single scheduled visitation from August 1, 2000 through November 7, 2000; subsequent visitation was sporadic; appellant was incarcerated from April 2, 2001 through September 11, 2001, and then again from November 5, 2001 through the end of the proceedings below — she was scheduled for release on May 5, 2002; and, since January 16, 2001, appellant has made no contact whatsoever with Thomas — she neither made phone calls nor sent letters or cards.
 {¶ 22} Appellant does not challenge any of this evidence. Rather, she argues only that the reason she did not visit with Thomas since January 16, 2001 — other than being incarcerated — was because she was told by an ACCS caseworker that the reunification plan had been modified to deny her visitation with Thomas.
 {¶ 23} We note that the record does not contain any such order. However, there is testimony from the ACCS caseworker herself who stated that she had in fact relayed such information to appellant.
 {¶ 24} Nevertheless, even assuming, arguendo, that appellant was told that she was denied visitation, this argument fails for two reasons.
 {¶ 25} First, such an order only addresses visitation. Clearly, such an order would not prevent a mother from calling or sending letters or cards to her son.
 {¶ 26} And, second, there is ample evidence in the record, in addition to this contested factual finding, which supports a finding of abandonment.
 {¶ 27} Appellant's Second Assignment of Error is overruled.
 B. Constitutionality of R.C. 2151.011(C) {¶ 28} In appellant's First Assignment of Error she maintains that R.C. 2151.011(C) is unconstitutional because, after 90 days have elapsed without the parent contacting the child, it "impermissibly shift[s] the burden to prove non-abandonment to the parent, rather than requiring the state to prove abandonment * * *."
 {¶ 29} We see no need to address the merits of this assignment of error for two reasons. First, appellant fails to direct us to a single instance in the record where the trial court relied on this statutory section and, in fact, shifted the burden of persuasion to appellant. SeeState v. McGuire (Apr. 15, 1996), Preble App. No. CA95-01-001, affirmed (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112 (stating that, "[a]n appellate court is not a performing bear, required to dance to each and every tune played on an appeal").
 {¶ 30} Second, this argument is based entirely on the erroneous premise that the trial court's finding of abandonment was based solely on the time period when appellant supposedly believed her visitation rights had been revoked. Thus, this assignment of error is also moot because, as we have already found, supra, there is ample evidence in the record, beyond this time-period, which supports a finding of abandonment.
 {¶ 31} Appellant's First Assignment of Error is overruled.
 C. The Second Complaint {¶ 32} Appellant asserts in her Third Assignment of Error that it was a denial of due process for ACCS to withdraw its initial complaint on remand and file a new one. Again, we disagree.
 {¶ 33} Appellant's argument squarely challenges the decision of the trial court to permit ACCS to voluntarily dismiss the complaint of the first action. Appellant is not appealing from that order and the record does not concern this issue. Consequently, any argument relating to that order is entirely outside our purview. See State v. Hooks
(2001), 92 Ohio St.3d 83, 748 N.E.2d 528 ("[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").
 {¶ 34} Appellant's Third Assignment of Error is overruled.
 III. Conclusion {¶ 35} For the foregoing reasons, we overrule appellant's assignments of error and affirm the decision of the Athens County Court of Common Pleas, Juvenile Division.
Judgment affirmed.
Abele, P.J., and Kline, J.: Concur in Judgment Only.