[Cite as *Maleky v. Ohio State Univ., Office of Compliment & Integrity*, 2024-Ohio-1266.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| FARNAZ MALEKY | Case No. 2023-00637PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>SUPPLEMENTAL DECISION<br>AND FINAL ENTRY</u> |
| OHIO STATE UNIVERSITY, OFFICE OF<br>COMPLIMENT [sic] AND INTEGRITY | |
| Respondent | |

{¶1} Before the Court in this public-records case are the following filings:

(1) Supplemental Report And Recommendation Of Special Master filed on February 15, 2024;

(2) Respondent The Ohio State University's Request For Clarification filed on February 23, 2024;

(3) Requester's Response To Supplemental Report and Recommendation Of Special Master filed on February 27, 2024;

(4) Respondent The Ohio State University's Objections To The Special Master's Supplemental Report and Recommendation filed on February 28, 2024;

(5) Respondent's Notice Of Filing Documents Under Seal filed on February 28, 2024, and Index of Documents filed on February 28, 2024,

(6) Respondent's Supplemental Document Production (Redacted) filed on February 28, 2024,

(7) Respondent's Supplemental Document Production (Unredacted) filed on February 28, 2024, and

(8) Requester's Response To The Respondent's Objection To The Special Master's Supplemental Report and Recommendation filed on March 12, 2024.

{¶2} The matter is fully briefed according to the schedule established in the Court's Decision and Entry issued on February 9, 2024.  For reasons set forth below, the Court (1) grants, in part, and denies, in part, Respondent's Request for Clarification filed on February 23, 2024, (2) overrules the parties' objections to the Special Master's Supplemental Report and Recommendation issued on February 15, 2024, and (3) adopts the Special Master's Supplemental Report and Recommendation issued on February 15, 2024.

## I.    Background

{¶3} This public-records case concerns requests to Respondent for documents arising from an investigation of Requester (a faculty member at The Ohio State University) based on allegations of misconduct against Requester.  The Court previously has described this case as "involving a voluminous amount of records." (Decision & Entry, February 9, 2024.)  Initially, without referring the matter to mediation, the Special Master issued a Report and Recommendation on January 5, 2024, to which the parties filed separate written objections.  On February 9, 2024, on the parties' objections, the Court (1) sustained, in part, and overruled, in part, Respondent's first objection, (2) overruled Respondent's second and third objections, (3) sustained, in part, and overruled, in part, Requester's objections, (4) adopted, in part, and rejected, in part, the Special Master's Report and Recommendation, and (5) denied Respondent's Motion To Dismiss filed on November 7, 2023.  (Decision & Entry, February 9, 2024.)

{¶4} In the Decision and Entry of February 9, 2024, the Court stated:

> Upon review of Section 1 of Requester's objections, the alleged records identified by Requester therein do not appear in either Table 1 or Table 2, even though those alleged records were described in Requester's October 30, 2023 Amended Complaint: A.7, C.20, F.3, and F.7. It appears that the Special Master intended for Table 1 and Table 2 in his Report and Recommendation to address all of Requester's allegations of additional records in the Amended Complaint. There is, therefore, the possibility that the Special Master did not consider all of the alleged records.

(Decision and Entry filed February 9, 2024, 15-16.)

{¶5} The Court remanded the case to the Special Master with a directive to (1) issue a Supplemental Report and Recommendation for reasons stated in Section F of the Court's Decision and Entry of February 9, 2024, and (2) advise the Court about alleged records designated in Requester's October 30, 2023 Amended Complaint as A.7, C.20, F.3, and F.7.  (Decision and Entry filed February 9, 2024, 17-18.)  Additionally, the Court ordered:

> Each party may object to the Special Master's Supplemental Report and Recommendation within seven business days after the Supplemental Report and Recommendation is issued by filing a written objection with the Clerk and sending a copy to the other party by certified mail, return receipt requested. If either party timely objects to the Supplemental Report and Recommendation, the other party may file with the Clerk a response within seven business days after receiving the objections and send a copy of the response to the other party by certified mail, return receipt requested. The court defers rendering a final judgment and assessing fees and costs until after a Supplemental Report and Recommendation is issued and the parties have been afforded an opportunity to file objections and responses thereto. *The parties may only file further objections to recommendations made in the Special Master's Supplemental Report and Recommendation, and no further evidence may be submitted with any objections or responses.*

(Emphasis sic.)  (Decision and Entry filed February 9, 2024, at 18.)

## II.  Respondent's Request For Clarification of the Decision & Entry issued on February 9, 2024, is granted, in part, and denied, in part.

{¶6} On February 23, 2024, Respondent filed a Request for Clarification in which Respondent states, "Out of an abundance of caution [Respondent] respectfully request[s] a clarification of the February 9, 2024 order by this court by either marking it preliminary and not appealable or final and appealable."

{¶7} In the Court's Decision and Entry of February 9, 2024, the Court expressly stated: "The court defers rendering a final judgment and assessing fees and costs until after a Supplemental Report and Recommendation is issued and the parties have been

afforded an opportunity to file objections and responses thereto." It follows that the Court's Decision and Entry of February 9, 2024, is not a final judgment. The Court finds that a designation that the Decision and Entry of February 9, 2024, is "preliminary and not appealable[,] or final and appealable," as requested by Respondent, is unnecessary.

{¶8} Since the Court has provided a clarification, as requested, but declined to label the Decision and Entry of February 9, 2024, in the manner requested by Respondent, the Court therefore GRANTS, IN PART, and DENIES, IN PART, Respondent's Request For Clarification.

### III.    The Special Master issues a Supplemental Report and Recommendation.

{¶9} On February 15, 2024, in accordance with the Court's directive, the Special Master issued a Supplemental Report and Recommendation in which the Special Master "consider[ed] Requester's claims to four groups of records responsive to her public records requests. Those groups were denominated as items A.7, C.20, F.3, and F.7 in Requester's October 30, 2023, filing. PQ *Miscellaneous*, filed October 30, 2023 ("*Oct. 30 Submission*")." (Supplemental Report and Recommendation, 1.)[1]  In the Supplemental Report and Recommendation, the Special Master recommends the following:

---

[1]      In PQ *Miscellaneous* filed October 30, 2023, Requester stated:

"**A. List of Elements and Evidence Requested from Employee and Labor Relations Human Resources (ELR HR) + Potential Custodians**

\* \* \*

"***A.7*** Becca Reed's email to Allyson Howard, Christina Cunningham, Meghan Ninneman, Nadia Hague, on Aug 29, 5:11 pm. and all the emails and correspondence based on that *email (Potential custodians: Allysa Howard, Christina Cunningham).*

Exhibit 2 shows the email with many redacted parts."

\* \* \*

"**C. List of Elements and Evidence Requested from Ohio State University Administrators + Potential Custodians:**

\* \* \*

"***C.20*** Exhibit 8 confirms the existence of multiple emails, notes, meeting's summary, phone conversations and other correspondence, but these parts of Exhibit 8 are reacted, Hence. the full version of these correspondence that are listed in the following are needed *(Potential custodians: Becca Reed, Meghan Ninneman):*

A. Respondent be ordered to produce unredacted copies of the email filed

as p. 287 of the *In Camera Records* and all responses thereto or to certify

that no

such records exist.

---

a) Notes from Becca Reedon August 19, 2022, 11;51 AM.
b) Notes from Becca Reed on August 29, 2022, 2 PM.
c) Notes from Becca Reed on September 1, 2022, 2:39 PM.
d) Added attachments, and response to reporter Bridget on August 19, 2022, 5:41 pm
e) Becca Reed, Notes on August 22, 2022, 9:57 AN.
f) Becca Reed, Notes on August 22, 2022, 12:16 PM.
g) Becca Reed, Notes on August 25, 2022, 10:56 AM.
h) Becca Reed, Notes on August 25, 2022, 2:23 PM.
i) Becca Reed, Notes on August 25, 2022, 2:34 PM.
j) Becca Reed, Notes on September 1, 2022, 2:25 PM.
k) Becca Reed, Notes on September 1, 2022, 2:39 PM.
l) Meagan Johnson-Myers, Emails, and correspondence between Beca Reed and another person
that Becca Reed wrote as Dr. Maleky 's advisor, October 10.
m) Meagan Johnson-Myers, Notes on September 6, 2022, 11:42 AM.
n) Meagan Johnson-Myers, Notes on September 29, 2022.
o) Johnson, Courtney, Notes on September 12, 2022, 3:31 PM.
p) Becca Reed, Notes on September 28, 2022, 4:32 PM.
q) Becca Reed, Added CSA2022-02482 to case attachment, September 12, 2022, 3:31 PM."

* * *

"**F. List of Elements and Evidence Requested from Ohio State University Administrators +
Potential Custodians:**

* * *

"**From other OSU Administrators**

* * *

"*F.3* All emails and correspondence involving Associate Vice President Chris *Glaros (Potential custodian: Chris Glaros).*

Exhibit 12 confirms Glaros was involved in the case from the beginning of the process."

"**From OSU Office of Public Records**

"*F.7* Exhibit 13, page 6 has a section of the public records received from Mr. Hainer October 23, 2022. In these documents there is an email that is entirely redacted. The custodians of that email and the date is not shown. Hereby I request that email and its information and content *(Potential custodians: Scott Hainer).*"

B. Respondent be ordered to produce unredacted copies of the records filed as pp. 298-301 of the *In Camera Records* and all the public records referenced therein or to certify that no such records exist.

C. Respondent be ordered to produce unredacted copies of the emails filed as pp. 31-32, 35, 45-62, 83, 92-103, 105-115, 117-125, 128-131, 133-146, 210-250, and 288-289 of the *In Camera Records*, the attachments thereto, and all other correspondence with Mr. Glaros regarding the dispute between Requester and Respondent or to certify that no such records exist.

D. Respondent be ordered to produce an unredacted copy of the email sent at 3:17 PM on September 1, 2022, filed as p. 263 of the *In Camera Records*.

(Supplemental Report and Recommendation filed February 15, 2024, at 5-6.)[2]

### IV.    Requester's objections to the Special Master's Supplemental Report and Recommendation are not well taken.

{¶10} On February 27, 2024, Requester filed "Requester's Response To Supplemental Report and Recommendation Of Special Master," which has been denominated as "objections" on the Court's docket.  In this filing Requester states: 'While the courts dedication to uphold justice and a fair process is acknowledged, I would like to bring fee more items to the court's attention."

{¶11} Requester's objections and the Court's rulings for each objection with reasons therefor are listed below.

#### A) Requester's first objection.

a)  Requester objects as follows:

"**1-** As it is explained and documented before (particularly detailed in Requester's Response to Respondent's objection to Special Master's Report and Recommendations, submitted on 1/30/2024), FERPA [The

---

[2]    In footnote 1 of the Supplemental Report and Recommendation, the Special Master states, "All references to specific pages of the *Oct. 30 Submission* and the *Complaint* are to the pages of the PDF files posted on the court's on-line docket, rather than to any internal pagination of those filings." (Supplemental Report and Recommendation, 2.)

   In footnote 2 of the Supplemental Report and Recommendation, the Special Master states, "All references to specific pages of the *In Camera Records* are based on the internal pagination of that filing." (Supplemental Report and Recommendation, 2.)

Family Education Rights and Privacy Act] is not applied to the documents requested in this case, since all the parties involved in the case are employees by OSU. That employment includes faculty, administrators, supporting staff, and more importantly Graduate Research Associates. Therefore, none of these people are admitted as students and are not classified students. Despite the respondent claim, OSU offer letter and contract for all the individuals whom the Respondent claimed as" students", clearly wrote: "*You will be appointed as **a Graduate Research Associate (GRA), which includes a stipend of at least $1,920 per month, or $23,040 per year.*" (Exhibit A, the OSU offer letter for the complainant, similar to the letters for other GRAs involved in this case). The admission letter does not indicate that the individuals are "admitted as master's, doctoral, or professional students", as defined by Ohio-administrative-code/rule-3333-1-02. Therefore, I object to redacting of the requested records under FERPA."

   b)  Requester's first objection is overruled**.**

{¶12} In the Supplemental Report and Recommendation, the Special Master did not recommend any redacting of requested records under FERPA.  Requester thus seemingly objects to a filing other than the Supplemental Report and Recommendation. The Court expressly ordered on February 9, 2024: "*The parties may only file further objections to recommendations made in the Special Master's Supplemental Report and Recommendation.*"  (Emphasis sic.)

{¶13} Requester's first objection is OVERRULED.

**B) Requester's second objection.**

a) Requester objects as follows:

   "**2-** Supplemental Report and Recommendation of Special Master ordered the Respondent to produce unredacted copies of the requested documents "*or to certify that no such records exist*". I object to the second part of this order, since I (the Requester) have already provided strong evidence through multiple submissions, showing the requested documents exist. Therefore, the Respondent needs to fulfill their obligations and submit the requested records."

b) <u>Requester's second objection is overruled</u>.

{¶14} Notwithstanding Requester's view of the evidence in this matter, if no documents that are ordered for production exist within Respondent's possession, then Respondent cannot produce them.

{¶15} Requester's second objection is OVERRULED.

**C) Requester's third objection.**

a) Requester objects as follows:

"**3-** Special Master's Report and Recommendation had an error that is not considered in the Supplemental Report and Recommendation of Special Master. Here are the details of that error: * * *."

b) <u>Requester's third objection is overruled</u>.

{¶16} The Court expressly ordered on February 9, 2024: "*The parties may only file further objections to recommendations made in the Special Master's Supplemental Report and Recommendation*." (Emphasis sic.) In the third objection Requester raises an error concerning the Special Master's Report and Recommendation—not the Supplemental Report and Recommendation.

{¶17} Requester's third objection is OVERRULED.

**D) Requester's fourth objection.**

a) Requester objects as follows:

"**4-** Supplemental Report and Recommendation of Special Master still does not include items that were originally requested, despite evidence of their existence being submitted prior to January 5, 2024 (the date the Special Master's Report and Recommendation was generated).

Moreover, the Special Master Report considered January 13, 2023, as the Requester's final public records request from the Respondent. However, the last page of the Requester's complaint to the court (Requester's Public Records Compliant Form) shows that my attorney sent another email to OSU on January 17, 2023. Therefore, the Respondent is required to provide all records preceding and including January 17, 2023. * * *."

b) <u>Requester's fourth objection is overruled</u>.

**{¶18}** The pleading before the Special Master is Requester's amended complaint, as construed by the Special Master—not a previous email request by Requester's then-attorney. Moreover, the Court expressly ordered on February 9, 2024: "*The parties may only file further objections to recommendations made in the Special Master's Supplemental Report and Recommendation.*" (Emphasis sic.) In the fourth objection, Requester essentially raises an error concerning the Special Master's Report and Recommendation—not the Supplemental Report and Recommendation.

**{¶19}** Requester's fourth objection is OVERRULED.

## V.    Without leave, Respondent files additional evidence contrary to the Court's order on remand.

**{¶20}** On February 9, 2024, the Court expressly ordered, "[*N*]o *further evidence may be submitted with any objections or responses.*" (Emphasis sic.) Nevertheless, without leave, Respondent filed a Notice of Filing Documents Under Seal and an Index of Documents on February 28, 2024, with its written Objections to the Supplemental Report and Recommendation. Respondent's filing of additional evidence not only complicates an already voluminous public-records case, but directly contravenes the Court's express order.

**{¶21}** Respondent states in its Notice:

> Now comes Respondent, The Ohio State University, and hereby notifies the Court that it is filing the attached documents, pursuant to the Supplemental Report and Recommendation of Special Master of February 15, 2024, UNDER SEAL, in the attached sealed envelope. Respondent is filing the original unredacted copies of all documents responsive to Requestor's public records requests. Respondent further asserts that the redactions and/or withheld documents are necessary to comply with Respondent's obligations under FERPA [The Family Education Rights and Privacy Act] and to protect personally identifiable information.

{¶22} Based on the Court's review of the Supplemental Report and Recommendation, the Special Master did not order Respondent to file additional evidence.  Thus, Respondent's unauthorized filing of additional evidence "pursuant to the Supplemental Report and Recommendation of the Special Master of February 15, 2024" is unavailing.

**VI. Respondent objects to the Special Master's Supplemental Report and Recommendation.**

**A. Respondent presents limited objections to the Special Master's Report and Recommendation.**

{¶23} On February 28, 2024, Respondent filed "limited objections" to the Special Master's Supplemental Report and Recommendation.  Respondent states in its objections:

> Respondent, The Ohio State University ("OSU" or "the University"), by and through undersigned counsel, and pursuant to R.C. 2743.75(F)(2), hereby interposes the following limited objections to the Special Master's Supplemental Report and Recommendation:
>
> 1. R.C. 149.43(A)(1)(v) requires the redaction of specific records containing attorney-client communications. *Natl. Union Fire Ins. Co. of Pittsburgh v. Ohio State Univ. Bd. of Trustees*, 2005 Ohio 3992 *and State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.,*121 Ohio St.3d 537, 2009 Ohio 1767.
>
> 2. R.C. 149.43(A)(1)(v) requires the redaction of specific records containing information about students which is protected under FERPA, The Family Education Rights and Privacy Act, 20 U.S.C. § 1232g. *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690.
>
> More specifically, the Special Master, in his Supplemental Report and Recommendation, required the University to search for additional records in four categories identified in Requester's October 30, 2023 filing: A.7, C.20, F.3, and F.7. The University has conducted a search in each of these areas and certifies that it is providing all responsive documents. Most of the records identified in this search are duplicative of those already

produced, but a limited number of additional responsive records were located. As to this limited batch, some are being produced without objection, but for those noted others the University asserts the privilege and/or FERPA exceptions. The University hereby incorporates all of its prior objections as if fully restated herein.

To outline these objections for the court, the University is filing contemporaneously with this brief, under seal, redacted and unredacted copies of the documents outlined in sections A-D of the Conclusion of the Supplemental Report & Recommendation. The University is also filing an index of its objections addressing the additional documents produced. It should be noted again that the vast majority of these supplemental documents have been previously produced.

Further clarification is necessary regarding the records discussed in Section A.3 of the Special Master's Supplemental Report and Recommendation. In that report, the Special Master noted that certain e-mails confirm that Chris Glaros, Associate Vice President for Compliance Operations and Investigations, had "involvement in the dispute between the Requester and Respondent," and as such the Special Master ordered the University to produce e-mails involving Mr. Glaros. However, the public records requests at issue in this case (filed in September and October 2022) asked for correspondence involving certain specified individuals and offices, not correspondence with anyone "involved in the dispute," and neither Mr. Glaros nor his office (the Office of University Compliance and Integrity) were specifically identified as subjects in those requests.

As such, the University's initial publication included only correspondence from the offices or individuals specified in the request, and Mr. Glaros was included on some of those responsive records. Following the Special Master's Supplemental Report and Recommendation, the University re-reviewed the requests and determined that a limited number of additional responsive records exists (largely duplicating the prior production), which have been included in the present production. However,

because the request did not seek all records from Mr. Glaros or from all members of the Office of University Compliance and Integrity pertaining to this matter, neither the initial production nor the present production should be read as a certification as to records involving Mr. Glaros that are not otherwise responsive to the underlying request.

Relative to the attorney-client privilege objections, three additional points are important to note. First, privilege is asserted consistent with the Court's rulings on privilege in its February 9, 2024 Decision & Entry, Pg. 12. Second, some of the claimed privileged records involved feature University attorney Amy Golian, Esq. but her signature block does not appear in the e-mails; to alleviate any confusion as to her status, Ms. Golian's professional biography can be found at https://legal.osu.edu/staff/amy-nash-golian. Finally, the Special Master noted that the record identified in F.7 (a September 1, 2022 e-mail from Christina Cunningham to Brandon Lester initially at Bates page 263) facially appears to be covered by attorney-client privilege, and on further review the University agrees that privilege applies in that the record is explicitly seeking legal advice from a university attorney. As such, the University notes that the failure to designate the record as privileged was inadvertent and it asserts attorney-client privilege for that record as well.

(Respondent Objections filed on February 28, 2024.)

## B. Respondent's limited objections are not well taken.

{¶24} Respondent's limited objections are not well taken for several reasons.

{¶25} First, in Respondent's limited objections, Respondent re-asserts objections based on attorney-client privilege and FERPA, stating: "The University hereby incorporates all of its prior objections as if fully restated herein." The Court addressed Respondent's previous objections and arguments based on attorney-client privilege and FERPA in the Decision and Entry issued on February 9, 2024. With respect to attorney-client privilege, the Court sustained, in part, and overruled, in part, Respondent's objection based on attorney-client privilege. The Court noted that a record is not exempt because it is received from or sent to a public office's legal counsel. (Decision and Entry

of February 9, 2024, 11.) But a communication is privileged, when an attorney's communications with a client reflect the exercise of an attorney's professional skills and judgment, or the communication would clearly facilitate the rendition of legal services or advice. (Id.) And, with respect to Respondent's objections based on FERPA, relying on federal case law, the Court noted that in *Ellis v. Cleveland Mun. School Dist.,* 309 F.Supp.2d 1019, 1022 (N.D.Ohio 2004) a federal district court discussed how FERPA does not prevent the disclosure of the names of the victims. The Court concluded that the Special Master came to the correct conclusion regarding the application of FERPA and overruled Respondent's second objection. (Decision and Entry of February 9, 2024, 14.).

{¶26} To the extent that Respondent reasserts attorney-client privilege and FERPA as exceptions to the production of documents recommended for disclosure in the Supplemental Report and Recommendation, the Court finds that its previous reasoning and analysis relative to attorney-client privilege and FERPA still applies and that it is unnecessary to revisit its previous reasoning and analysis.

{¶27} Notably, the Ohio Supreme Court has held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.

{¶28} A review of Respondent's objections to the Supplemental Report and Recommendation discloses that, in the objections, Respondent fails to demonstrate that exceptions based on attorney-client privilege and FERPA "fall squarely" within the exceptions. Respondent therefore has failed to meet its burden as to exceptions based on attorney-client privilege and FERPA under the holding of *Jones-Kelly*.

{¶29} Second, Respondent represents in its limited objections that Respondent "re-reviewed the requests and determined that a limited number of additional responsive records exists (largely duplicating the prior production), which have been included in the present production."   However, Respondent fails to inform the Court in its limited objections what documents constitute "the present production," and instead essentially asks the Court to review contemporaneously filed documents that were filed without leave to glean the meaning of "present production."   To the extent that Respondent's present objections create doubt, such doubt should be resolved in favor of disclosure.  *See State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996), citing *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St. 3d 245, 246, 643 N.E.2d 126 (1994) ("R.C. 149.43 is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records").

{¶30} Third, Respondent's statement in its objections—namely, because Requester's "request did not seek all records from Mr. Glaros or from all members of the Office of University Compliance and Integrity pertaining to this matter, neither the initial production nor the present production should be read as a certification as to records involving Mr. Glaros that are not otherwise responsive to the underlying request"— essentially constitutes a "clarification," not an objection.   Indeed, in Respondent's objections, Respondent states, "Further clarification is necessary regarding the records discussed in Section A.3 of the Special Master's Supplemental Report and Recommendation. In that report, the Special Master noted that certain e-mails confirm that Chris Glaros, Associate Vice President for Compliance Operations and Investigations * * *."

{¶31} Finally, the Court finds that in Respondent's objections (1) Respondent ostensibly seeks to add additional evidence that has not been reviewed by the Special Master, (2) Respondent claims that this evidence is consistent with the Court's previous rulings, (3) Respondent asks the Court for a ruling based on this additional evidence. Respondent states,

> Relative to the attorney-client privilege objections, three additional points are important to note. First, privilege is asserted consistent with the Court's rulings on privilege in its February 9, 2024 Decision & Entry, Pg. 12.

Second, some of the claimed privileged records involved feature University attorney Amy Golian, Esq. but her signature block does not appear in the e-mails; to alleviate any confusion as to her status, Ms. Golian's professional biography can be found at https://legal.osu.edu/staff/amy-nash-golian. Finally, the Special Master noted that the record identified in F.7 (a September 1, 2022 e-mail from Christina Cunningham to Brandon Lester initially at Bates page 263) facially appears to be covered by attorney-client privilege, and on further review the University agrees that privilege applies in that the record is explicitly seeking legal advice from a university attorney. As such, the University notes that the failure to designate the record as privileged was inadvertent and it asserts attorney-client privilege for that record as well.

{¶32} Attorney Amy Golian's professional biography on a website is evidence that is outside the evidence produced in this matter and Respondent's invitation to this Court to consider this evidence in its determination of the applicability of attorney-client privilege is inconsistent with this Court's function as a reviewing court in this matter. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter"); *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001) ("a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").

{¶33} The principle discussed in *Ishmail* and *Hooks* applies to Respondent's limited objections. This Court should not add matter to the record before it that was not part of the record before the Special Master on remand (e.g., Respondent's unauthorized filings or review of a website, or both), and then decide Respondent's limited objections on the basis of the new matter that was not reviewed or considered by the Special Master on remand—notwithstanding that Respondent's apparent production of additional responsive records to Requester's request is commendable.

{¶34} Notably, in the Decision and Entry of February 9, 2024, this Court addressed a request to consider additional evidence that was not reviewed by the Special Master, as follows:

> Requester's request for the Court to consider additional evidence that was not reviewed by the Special Master is contrary to that "expeditious and economical procedure." When the Court is reviewing objections to a special master's report and recommendation, "RC. 2743.75(F)(2) requires this court to function as a reviewing court for the purposes of determining the objections before it." *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety,* Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4248, ¶ 8. To consider Requester's new evidence at this stage of the proceedings would be contrary to the role of a reviewing court.

(Decision & Entry of February 9, 2024, 16.)

{¶35} Similarly, here, for the Court to review records—whether unredacted and redacted records—or a professional biography on website, which were not reviewed by the Special Master, is contrary to this Court's role as a reviewing court.

{¶36} Accordingly, for reasons set forth above, Respondent's limited objections to the Special Master's Supplemental Report and Recommendation are OVERRULED.

## VII.    Conclusion

{¶37} For reasons set forth above, the Court (1) GRANTS, in part, and DENIES, in part, Respondent's Request for Clarification, (2) OVERRULES Requester's Response To Supplemental Report and Recommendation Of Special Master (which has been denominated as objections on the court's docket), and OVERRULES Respondent The Ohio State University's Objections To The Special Master's Supplemental Report and Recommendation.

{¶38} The Court adopts the Supplemental Report and Recommendation issued on February 15, 2024.  The Court ORDERS:

(1) Respondent to produce to Requester unredacted copies of the email filed as p. 287 of the *In Camera Records* and all responses thereto or to certify to Requester that no such records exist.

(2) Respondent to produce to Requester unredacted copies of the records filed as pp. 298-301 of the *In Camera Records* and all the public records referenced therein or to certify to Requester that no such records exist.

(3) Respondent to produce to Requester unredacted copies of the emails filed as pp. 31-32, 35, 45-62, 83, 92-103, 105-115, 117-125, 128-131, 133-146, 210-250, and 288-289 of the *In Camera Records*, the attachments thereto, and all other correspondence with Mr. Glaros regarding the dispute between Requester and Respondent or to certify to Requester that no such records exist. [3]

(4) Respondent to produce to Requester an unredacted copy of the email sent at 3:17 PM on September 1, 2022, filed as p. 263 of the *In Camera Records*.

{¶39} Court costs are assessed to Respondent.  Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees.

{¶40} The Court's Decision and Entry of February 9, 2024 (which the Court expressly incorporates by reference herein), and this Supplemental Decision and Entry, constitute the Court's final judgment in this matter. The Clerk shall serve upon all parties notice of this Supplemental Decision and Entry and its date of entry upon the journal.

LISA L. SADLER
Judge

Filed March 27, 2024
Sent to S.C. Reporter 4/4/24

---

[3]     Respondent shall redact Requester's accuser's personal cell phone number listed on Bates p. 231 of the *In Camera Records*.  *See State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, syllabus ("[s]tate-employee home addresses are generally not 'records' under R.C. 149.011(G) and are thus not subject to disclosure under R.C. 149.43, the Public Records Act"); *see also Ohio Edn. Assn. v. Ohio State Dept. of Edn.*, Franklin C.P. No. 09CVH-17023, 2010 Ohio Misc. LEXIS 22538 (Mar. 26, 2010).